UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ROBERT DEMPSEY,<br>        Plaintiff,<br><br>        v.<br><br>HOUSING OPERATIONS<br>MANAGEMENT, INC., as agent for<br>CEDAR HILL APARTMENTS LIMITED<br>PARTNERSHIP,<br>        Defendant. | No. 3:15-cv-615 (SRU) |

RULING AND ORDER

Robert Dempsey alleges that Housing Operations Management, which manages the apartment building where he lives, discriminated against him because of his disability by refusing to grant him a reasonable accommodation, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and its Connecticut analog, Conn. Gen. Stat. § 46a-64c. The defendant moves to dismiss the complaint for failure to state a plausible cause of action under those statutes. For the reasons described below, the motion is granted.

I.      Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the

plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

## II.    Background[1]

Robert Dempsey lives in the Cedar Hill Apartments in New Haven, Connecticut, which were developed by the Connecticut Supportive Housing Demonstration Program of the Corporation for Supportive Housing. Cedar Hill is managed by the defendant, Housing Operations Management, Inc. ("HOME"), as agent for Cedar Hill Apartments Limited Partnership. Half of the units in the development are reserved for tenants who are diagnosed with mental illness and substance abuse (professional supportive services are available on-site, provided by Columbus House) and those tenants' rent is subsidized. Dempsey has been

---

[1] I have taken all of the facts below from the allegations in Dempsey's complaint and for purposes of this motion accept them as true.

diagnosed with alcoholism and suffers from an unspecified physical illness, and the sole source

of his income is Supplemental Security Income that he receives because of his disability. The

specifics of his rental agreement are not clear from his complaint,[2] but after subsidy from

Connecticut's Rental Assistance Program, which is paid to the defendant on Dempsey's behalf,

he is responsible to pay rent of $222 per month.

Dempsey suffered a relapse of his alcoholism after his father's death, and he

consequently fell behind on his rent. In August or September 2014, HOME terminated his lease

and commenced a summary process eviction.[3] The parties settled that action with a stipulated

judgment that required Dempsey to pay rental arrears and legal fees that accrued as a result of

the eviction action. Dempsey underwent outpatient treatment for his alcoholism, but he

nevertheless failed to comply with the terms of the stipulated judgment. HOME filed an affidavit

of noncompliance with the Superior Court, seeking to execute on the stipulated judgment and

evict Dempsey. That Court granted HOME the right to obtain an execution on or after March 20,

2015; Dempsey filed a motion to extend the stay of issuance of the execution, which the Court

took under advisement, and it appears that no further action has been taken in that case to date.

*See HOME, Inc. v. Robert Dempsey*, Docket No. NHSP-117316 (Superior Court, Housing

Session).

Dempsey filed this action in Connecticut Superior Court, alleging that his failure to

comply with the stipulated judgment was a result of his alcoholism, which is a disability, and that

HOME's failure to make a reasonable accommodation to help him resolve the matter therefore

---

[2] The complaint alleges that Dempsey's "full contract rent" is $937, that his state subsidy is $743, and that he is
obligated to pay "the remaining $222." Subtracting $743 from $937, however, results in only $194. I accept
Dempsey's assertion that his portion of the rent is $222, and whatever accounts for the arithmetical error is not
material to the disposition of this motion.
[3] The complaint says that the defendant terminated his lease and commenced an eviction action "[o]n or about
August 15, 2014" (Compl. ¶ 8), but the eviction complaint was filed in the Superior Court on September 17, 2014.
*See HOME, Inc. v. Robert Dempsey*, Docket No. NHSP-117316 (Superior Court, Housing Session).

constituted a violation of the Fair Housing Act and its Connecticut analog. HOME removed the action to federal court and subsequently filed the present motion to dismiss. I heard oral argument on November 3, 2015 and took the motion under advisement.

## III.     Discussion

The Fair Housing Act makes it unlawful to discriminate "against any person in the terms, conditions, privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap," and among the forms of such unlawful discrimination is the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(2) & (f)(3)(B).[4] In order to state a claim for discrimination on the basis of refusal to make reasonable accommodations, a plaintiff must plead that: (1) he suffers from a handicap (or disability) as contemplated by the statute; (2) the defendant knew or reasonably should have known about it; (3) there are "reasonable accommodations" that "may be necessary" to afford plaintiff "an equal opportunity" to use and enjoy the dwelling; and (4) the defendant refused to make such accommodation. *See, e.g.*, *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997); *Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341, 345 (E.D.N.Y. 2005).

Dempsey alleges that his alcoholism is a qualifying disability and that the defendant was aware of it, and for purposes of the motion to dismiss, HOME disputes neither of those allegations. HOME argues, however, that overlooking nonpayment of rent is not a "reasonable accommodation" that may be necessary to afford Dempsey an "equal opportunity" as a renter;

---

[4] The analogous Connecticut statute uses language that is essentially similar in some places and identical in others, *see* Conn. Gen. Stat. § 46a-64c, and the Connecticut Supreme Court looks to federal caselaw for guidance when "addressing claims brought under both federal and state housing laws." *AvalonBay Communities, Inc. v. Town of Orange*, 256 Conn. 557, 591 (2001). There appears to be no difference between the federal and state statutes that would be material to this case, and neither party argues otherwise.

and that far from refusing to make a reasonable accommodation, HOME actually endeavored to resolve its dispute with a stipulated judgment that would have allowed Dempsey to remain in residence if he kept to a schedule of payments, which he failed to do.

The amount of money at stake in this case may not be very large, and Dempsey may intend in good faith to pay every penny of it eventually—and those facts make it regrettable that this case is being litigated, and that the parties have not been able to resolve it—but the "accommodation" Dempsey seeks is nevertheless an extraordinary one, because the payment of rent as consideration for the right to possess and use a property is the very basis and nature of the transaction between a lessor and lessee. The Fair Housing Act requires housing providers to make reasonable accommodations for renters' disabilities, but it does not undermine the nature of their transaction or so fundamentally alter their relationship that it removes eviction as a remedy for nonpayment of rent. Dempsey cites several cases as persuasive authority to show that reasonable accommodations can impose burdens, financial or otherwise, on housing providers; but none of those cases go nearly so far as he seeks to go in this case, by basing a discrimination claim "on defendant's failure to accommodate his disability because he can not comply with defendant's rent payment requirements . . . ." Pl.'s Mem. Opp'n Def.'s Mot. Dismiss 8 (doc. # 22). I have sympathy for Dempsey's plight, but I conclude that he does not state a plausible claim under the Fair Housing Act. The defendant's motion to dismiss is therefore granted. The Clerk shall enter judgment for the defendant and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of February 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

5