UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DEMPSEY,<br>    Plaintiff,<br><br>    v.<br><br>HOUSING OPERATIONS<br>MANAGEMENT, INC., *as agent for*,<br>CEDAR HILL APARTMENTS LIMITED<br>PARTNERSHIP,<br>    Defendant. | No. 3:15-cv-615 (SRU) |

**RULING AND ORDER**

Robert Dempsey brought this action against the management of the apartment building where he lives, alleging that it violated the Fair Housing Act and its Connecticut analog by evicting him for nonpayment of rent. He alleges that he failed to pay rent in the first instance, and later failed to comply with the terms of a stipulated judgment, because of his disability—that disability being alcoholism. He therefore argues that the defendant's refusal to forbear from evicting him, and to allow him to pay arrears on an installment plan, constitutes refusal to make a reasonable accommodation to his disability. I heard argument on a motion to dismiss in November 2015, and I took the motion under advisement while the parties attempted to resolve the case. They later informed me that their efforts to resolve it were futile, and, in February 2016, I issued a ruling (doc. # 34) granting the motion to dismiss. I expressed my regret that this case was being litigated rather than resolved by the parties but held that the "accommodation" Dempsey sought was extraordinary, "because the payment of rent as consideration for the right to possess and use a property is the very basis and nature of the transaction between a lessor and lessee" (doc. # 34 at 5). Dempsey has now filed a motion, in effect, to challenge that proposition. Formally, he moves under Rule 60(b) of the Federal Rules of Civil Procedure to vacate my

earlier dismissal and under Rule 15(a) for leave to amend his complaint. In substance, he reargues the motion to dismiss and seeks reconsideration of my decision granting it.

Rule 15(a)(2) provides for parties to amend their pleadings with the leave of the court, and it directs that courts "should freely give leave when justice so requires." But the liberal spirit of that rule does not extend, of course, to amendments that would be futile. And Dempsey's proposed amended complaint does not state a more plausible claim under the Fair Housing Act than his original complaint did. He alters his original in order to make more abundantly clear that the defendant is not an ordinary landlord, but rather a non-profit provider of supportive housing for formerly homeless residents with disabilities. But that was already clear. The defendant is, however, still a landlord, which leases apartments to tenants in exchange for rent. It may be reasonable to expect a non-profit provider of supportive housing to be in many ways more flexible than other landlords, but I cannot agree with Dempsey that requiring "forbearance of eviction for nonpayment of rent is not a fundamental alteration of the relationship between the parties in this case," (doc. # 41 at 2–3) much less that "it is the *essence* of their relationship" (*id.* at 3). The parties in this case are landlord and tenant, and "the payment of rent as consideration for the right to possess and use a property" (doc. # 34 at 5) defines that relationship, whether the landlord has altruistic motives or seeks only profit. The Fair Housing Act does not prohibit evicting tenants for failure to pay rent.

Dempsey's motion to vacate and for leave to file an amended complaint (doc. # 36) is denied.

It is so ordered. Dated at Bridgeport, Connecticut, this 1st day of June 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge